

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2004

# USA v. Caraballo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Caraballo" (2004). *2004 Decisions.* Paper 461.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/461

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1151
_____


UNITED STATES OF AMERICA

vs.

EDWARD FERMAINT CARABALLO,

Appellant.

_____



On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 02-cr-00171-1)
District Judge:  The Honorable Maurice B. Cohill, Jr.


_____

ARGUED JUNE 21, 2004


BEFORE: NYGAARD, McKEE, and CHERTOFF, Circuit Judges.



(Filed: July 26, 2004)



David J. Foster, Esq. (Argued)
Costopoulos, Foster & Fields

831 Market Street
P.O. Box 222
Lemoyne, PA 17043
    Counsel for Appellant

Bonnie R. Schlueter, Esq.
Paul M. Thompson, Esq. (Argued)
Office of United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219
    Counsel for Appellee

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant Edward Fermaint Caraballo appeals from an order denying his motion to suppress evidence. We will affirm.

I.

Pennsylvania State Police Trooper Richard Houk pulled over for speeding a van in which Caraballo was a passenger. Trooper Houk requested that the driver, Gilbert Soto, produce his driver's license and registration. Because Soto had a California license and the car was registered to a New York resident, Trooper Houk inquired about the ownership of the van and the driver's travel plans. Caraballo answered that the van belonged to his aunt in New York. He further explained that she had driven the vehicle

2

from New York to California and flown back, and he was driving it back to New York to see a doctor for a gun-shot wound and would later fly back to California.

Returning to his patrol car to write a citation, Trooper Houk visually inspected the exterior of the van and noticed a hidden compartment underneath. Because of his training in drug interdiction and experience with drug trafficking cases, he recognized the compartment as an aftermarket product often used to transport drugs. Trooper Houk called another similarly experienced trooper to the scene who also observed the compartment. Trooper Houk arrested Caraballo and the driver, without a warrant, for possession of an instrument of crime, a misdemeanor in Pennsylvania. *See* 18 Pa. C.S.A. § 907(a).

The van was towed to the police station where it was subjected to a narcotics dog sniff. The dog alerted to the hidden compartment, and Trooper Houk then obtained a search warrant to search the vehicle. A DEA agent was called in for the search and found twenty kilograms of cocaine. Caraballo was again arrested and signed a waiver of rights form, and then admitted that he was receiving payment for transporting the van to New York.

Caraballo pleaded not guilty and filed a motion to suppress the twenty kilograms of cocaine and his post-arrest statements. When the District Court denied his motion, he entered a conditional guilty plea to the charge of conspiring to distribute and possessing

3

with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846, reserving his right to appeal the suppression issues.

## II.

Caraballo makes five arguments, all of which are unpersuasive. First, he argues that Trooper Houk improperly expanded the traffic stop by detaining Soto and himself and asking questions about the ownership of the van and their travel plans.

"[Q]uestions relating to a driver's travel plans ordinarily fall within the scope of a traffic stop." *United States v. Givan*, 320 F.3d 452, 459 (3d Cir. 2003). When Trooper Houk was provided with a California driver's license and a New York registration, it was reasonable for him to inquire about the ownership and use of the van. His suspicion regarding Caraballo's answers, along with his observation of the aftermarket compartment, established reasonable suspicion to support the intrusion. *See United States v. Johnson*, 63 F.3d 242, 247 (3d Cir. 1995) (holding that to support a greater intrusion unrelated to the traffic stop, a police officer must establish reasonable suspicion or probable cause based on the totality of the circumstances known to him).

Caraballo next contends that his arrest for possession of an instrument of crime was without probable cause and thus illegal and unconstitutional. Caraballo's only support for this argument is that there is no ban on the use of aftermarket compartments and, at the time of the arrest, the trooper did not know what the compartment was being used for. However, this argument fails under our "totality of the circumstances" standard.

4

*See Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997). Probable cause exists where "the objective facts available to the officers at the time of arrest were sufficient to justify a reasonable belief that an offense was being committed." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (quoting *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984)). The standard "requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *United States v. Burton*, 288 F.3d 91, 98 (3d Cir. 2002) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995)). Based on the circumstances at the time of the arrest, there was probable cause for Trooper Houk to arrest Caraballo for possessing an instrument of crime.

Third, Caraballo asserts that the post-arrest search of the van and the seizure of the cocaine were illegal and unconstitutional. A dog sniff is not a search and no probable cause or reasonable suspicion is necessary to conduct it, because it is minimally intrusive and neither requires entry nor subjects any items except contraband to police scrutiny. *United States v. Place*, 462 U.S. 696, 707-08 (1983). Therefore, the dog sniff was constitutional. Further, the seizure of drugs was constitutional, because the warrant obtained after the dog sniff was supported by probable cause, including the positive result of the dog sniff.

5

Caraballo's fourth argument is that Trooper Houk acted in bad faith by making an illegal and unconstitutional detention, search, and seizure. As discussed above, Trooper Houk fully complied with the Constitution, and there is no evidence of bad faith.

Caraballo's final argument is that the incriminating statements he made post-arrest should be suppressed because they were a product of his illegal and unconstitutional arrest. This argument fails for two reasons: (1) there was no illegal conduct leading to his arrest for possession of cocaine, and (2) Caraballo knowingly and intelligently waived his right to remain silent.

### III.

For the reasons set forth, we will affirm the District Court's order denying Caraballo's motion to suppress evidence.